IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN DOWNARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:17-CV-560 |
| v. | : | |
| | : | |
| SHERIFF RUSSELL L. MARTIN, ET AL., | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| Defendants. | : | Magistrate Judge Vascura |
| | : | |

**OPINION AND ORDER**

This matter is before this Court pursuant to the Sixth Circuit's remand order issued upon resolution of Defendants' interlocutory appeal.

This Court granted Defendant Martin and Ayers' Motion for Summary Judgment as to all Counts and denied Defendants Foley and Wallace's Motion for Summary Judgment as to Counts One, Three, and Four, with respect to Plaintiff's motion brought under 42 U.S.C. § 1983 and Ohio Revised Code ("O.R.C.") § 2744. (ECF No. 59). Plaintiff's motion was filed with respect to the conditions of confinement of Tye L. Downard, who committed suicide in his cell at Delaware County Jail while awaiting a preliminary hearing. Plaintiff serves as administrator of Tye's estate and was married to Mr. Downard. Specifically, this Court found that there was sufficient evidence from which a reasonable jury could determine that Defendant Wallace disregarded a serious risk of harm posed to Mr. Downard, and that a genuine issue of material fact existed regarding whether Defendants Wallace and Foley acted in a reckless manner.

Defendants Foley and Wallace appealed, arguing they were entitled to qualified immunity and state-law immunity as officers at the Delaware County Jail. (ECF No. 60). The Sixth Circuit

1

reversed, finding Defendants Foley and Wallace are entitled to qualified immunity and state-law immunity. (ECF No. 63).

Given the Sixth Circuit's finding of qualified immunity and state-law immunity, this Court does not need to engage in a discussion of the merits of these claims.

In keeping with the Court of Appeals' decision, and this Court's opinion and judgment denying qualified immunity (ECF No. 59), it is **ORDERED** that the Court's previous order dismissing Defendants' claims is **VACATED**. It is further ORDERED, on remand, that Defendants' Motion for Summary Judgment as to Counts One, Three, and Four is **GRANTED**. This case is hereby **CLOSED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 29, 2020**